UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LEE D. MOY, III,  )
  Plaintiff,  )
   )
vs.  )    Case No. 22-1427
   )
DR. OSBASON and WARDEN  )
TIFFANY CLARK,  )
  Defendants  )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

    This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    Plaintiff has identified two Defendants at Illinois River Correctional Center: Dr. Osbason and Warden Tiffany Clark. Plaintiff says on February 5 he fell and hit his head on "the glass and door frame of the phone booth." (Comp, p. 5). Plaintiff does not provide the year this occurred.

    Plaintiff says he saw Sergeant Vorquse and another, unidentified Sergeant laughing. Plaintiff repeatedly asked Sergeant Vorquse for medical care, but he was denied. Ultimately, the Sergeant told Plaintiff he could put in a request for nurse sick

1

call.  Plaintiff again complained he needed immediate help for his head, but the Defendant stated a sick call request was the only way to obtain care.

Plaintiff then met with the nurse, but he does not provide the date or time of this visit. The nurse noted Sergeant Vorques did not fill out an incident report indicating Plaintiff had fallen and therefore "nothing was done about my back or head issue." (Comp, p. 6).

Plaintiff submitted another sick call request and was told he would not be referred to a doctor until he had submitted three requests in one month.  However, Plaintiff says even when he submitted three requests, he did not see the doctor.

Finally, about two months later Plaintiff met with Dr. Osbason.  Plaintiff explained his fall and the pain he was feeling, but he received no care.

On an unspecified date, Plaintiff met with another medical provider who Plaintiff has not identified.  This individual provided him with a back brace and a lower bunk permit.  Plaintiff says he was still suffering with migraines and "strong back pain." (Comp, p. 6).

Plaint next saw an unnamed doctor on an unspecified day.  Apparently at some point an x-ray was ordered, and this doctor told Plaintiff his spine was "off." (Comp, p. 6).  The doctor provided a steroid, pain pills, and a two week follow up.  Plaintiff says he did not receive the follow up visit.

Plaintiff says fell again on May 12 when he did not notice a drain cover was not in place and injured his right knee.  Plaintiff again has not provided the specific year he fell.  Officers notified the Health Care Unit, but Plaintiff claims it took two and a half

2

hours before a nurse responded. Plaintiff does not identify the nurse, but says she gave him medicine and a band aid and told him there was nothing more she could do. Plaintiff says he continued to request sick call, but he did not receive any further response and he continues to suffer in pain.

Plaintiff is clearly alleging individuals were deliberately indifferent to his pain, but he has failed to provide exact dates and it is not clear he has identified the correct Defendants. Based on the allegations in his complaint, it appears Plaintiff is claiming he the alleged incidents occurred in 2022. However, if this year is not correct, Plaintiff must immediately clarify the date in writing.

Plaintiff has alleged Defendant Dr. Osbason was deliberately indifferent to his back and head pain in approximately April of 2022 when he delayed or denied treatment. However, Plaintiff has not alleged the doctor had any further involvement in his medical care. Although Plaintiff says he requested nursing sick call and appointments with the doctor, the facility doctor is not typically responsible for considering sick call requests or scheduling appointments and Plaintiff has not provided any other information.

Plaintiff has also failed to explain how Warden Clark had any involvement in his claims and she cannot be held liable simply because she is a supervisor. *See Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008)(supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)(supervisors are not liable for the errors of their subordinates).

Finally, Plaintiff has not stated any claim based on his second fall. Plaintiff has not identified any specific Defendant who was responsible for a delay or denial of medical care.

The Plaintiff may proceed with this one claim against Defendant Dr. Osbason. If Plaintiff wishes to clarify his claims, he may file an amended complaint within 21 days. The amended complaint must stand complete on its own and not refer to the previous complaint. Plaintiff must include the date or general time frame of any allegation and he must explain how any named Defendant was responsible for his claim.

Finally, Plaintiff has filed two motions for appointment of counsel. [5, 6]. Plaintiff has no constitutional right to the appointment of counsel. In addition, the Court cannot require an attorney to accept pro bono appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir. 1993).

In this case, Plaintiff has not demonstrated any attempt to find counsel on his own such as a list of attorneys contacted, or copies of letters sent or received. This is a mandatory, threshold inquiry that must be determined before moving to the second

inquiry." *Eagan v. Dempsey*, 2021 WL 456002, at *8 (7th Cir. 2021); *citing Davis v. Moroney*, 857 F.3d 748, 753 (7th Cir. 2017). Therefore, Plaintiff's motions are denied. [5,6].

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Dr. Osbason was deliberately indifferent to his back and head pain in approximately April of 2022 when he delayed or denied treatment. The claim is stated against the Defendant in his individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendant by mailing the Defendant a waiver of service. Defendant has 60 days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry

of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendant shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on

Defendant pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

10) If Plaintiff wishes to file an amended complaint clarifying his claims, he must file the proposed complaint within 21 days of this order.  The amended complaint must stand complete on own, must not refer to the original complaint, and must provide the information directed in this order.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendant Tiffany Clark for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Deny Plaintiff's Motions for Appointment of Counsel with leave to renew [5], [6]; 3) Attempt service on Defendant pursuant to the standard procedures; 4) Set an internal court deadline 60 days from the entry of this order for the court to check on the**

**status of service and enter scheduling deadlines; and 5) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Entered this 28th day of March, 2023.

                                           s/James E. Shadid

                          _____

                                        JAMES E. SHADID
                               UNITED STATES DISTRICT JUDGE