UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LEE D. MOY, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-cv-1427 |
| | ) |
| KURT OSMUNDSON, | ) |
| | ) |
| Defendant. | ) |

### ORDER ON MOTION FOR SUMMARY JUDGMENT

Plaintiff, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging that Defendant Dr. Kurt Osmundson violated his Eighth Amendment rights by being deliberately indifferent to injuries he sustained at Illinois River Correctional Center.

Now before the Court is Defendant's Motion for Summary Judgment, asserting that Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e (Doc. 21); Plaintiff's Response (Doc. 24); and Defendant's Reply (Doc. 25). For the reasons stated below, summary judgment is granted in favor of Defendant.

### MATERIAL FACTS

At all relevant times, Plaintiff was an inmate in the custody of the Illinois Department of Corrections ("IDOC"). Defendant, a physician licensed in the State of Illinois, provided certain medical services to inmates in the IDOC.

Plaintiff's Complaint is unspecific but appears to allege that Defendant provided inadequate medical treatment after he fell in a phone booth sometime in 2022. (Docs. 1 and 7).

On February 28, 2022, Plaintiff filed Grievance #22-0600 related to a fall in a phone booth in February 2022. (Doc. 21-1 at pp. 6-10). Grievance #22-0600 makes no complaint or request against Defendant and does not name him.

1

On March 15, 2022, Plaintiff filed Grievance #22-0850, complaining of dangerous conditions that caused him to fall in the shower on March 12, 2022. *Id.* at pp. 1-5. Grievance #22-0850 makes no complaint or request against Defendant and does not name him.

On August 8, 2022, Plaintiff filed Grievance #22-2072. *Id.* at pp. 15-17. Grievance #22-2072 vaguely complains of not receiving medical care for an unspecified ailment or condition, makes no complaint or request against Defendant, and does not name him. Grievance #22-2072 was never appealed.

On January 26, 2023, Plaintiff filed Grievance #23-3610. *Id.* at pp. 11-14. Grievance #23-3610 makes no complaint or request against Defendant and does not name him. Grievance #23-3610 was never appealed.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010). However, a court's "favor toward the nonmoving party does not extend to drawing 'inferences that are only supported by speculation or conjecture.'" *Id*. In order to successfully oppose a motion for summary judgment, a plaintiff must do more than raise a "'metaphysical doubt' as to the material facts, and instead must present definite, competent

evidence to rebut the motion." *Michael v. St. Joseph Cnty.*, 259 F.3d 842, 845 (7th Cir. 2001) (internal citation omitted). Plaintiff is the non-moving party, and the evidence and all reasonable inferences are viewed in the light most favorable to him. *Anderson*, 477 U.S. at 255.

### EXHAUSTION STANDARD

The PLRA prohibits prisoners from filing lawsuits pursuant to § 1983 "until such administrative remedies as are available are exhausted." § 1997e(a). Exhaustion of administrative remedies under § 1997e is a condition precedent to suit, *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 2009), and applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Exhaustion means completing all stages of the process in a timely and proper manner. *Id.* at 1024. An inmate cannot satisfy the requirements by filing an untimely or otherwise procedurally defective grievance or appeal. *Woodford v. Ngo*, 548 U.S. 81, 83 (2006). If the inmate fails to exhaust before filing suit, the court must dismiss the suit. *See Jones v. Bock*, 549 U.S. 199, 223 (2007); *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).

Plaintiff was required to follow the grievance procedures described in the regulations provided by the IDOC. *See* 20 Ill. Admin. Code § 504.800, *et seq*. In Illinois, inmates may utilize (1) a normal, non-emergency grievance procedure, or (2) an emergency grievance procedure. Under the non-emergency procedure, inmates must follow a three-step process.

First, the inmate must submit a grievance to his or her counselor "within 60 days after the discovery of the incident" giving rise to the grievance, explaining details regarding "each aspect

of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint." § 504.810(a), (c). If the names of each person are unknown, then "the offender must include as much descriptive information about the individual as possible." *Id.* at (c).

Second, if the inmate is dissatisfied with his counselor's response, he must file the grievance with the grievance officer for further review, who will then make a report of findings and recommendations in writing to the CAO. §§ 504.810(a), 504.830(e).

Finally, if the grievance officer denies the grievance and the CAO concurs with that decision, the inmate must appeal to the ARB within thirty days, attaching the grievance officer's report and the CAO's decision to the appeal. § 504.850(a). The ARB will submit a written report of its findings and recommendations to the Director, who will make a final determination of the grievance within six months, when reasonably feasible under the circumstances. *Id.* at (d)-(e). Under this normal, non-emergency procedure, the inmate's administrative remedies are exhausted when he receives a final determination from the ARB and the Director. *Id.* at (e).

A different procedure exists for emergency grievances. Inmates may submit emergency grievances directly to the CAO. § 504.840. The CAO will determine if there is "a substantial risk of imminent personal injury or other serious or irreparable harm" to the inmate that warrants the grievance being handled on an emergency basis. *Id.* at (a). If the CAO classifies the grievance as an emergency, the CAO "shall expedite processing of the grievance and respond to the offender, indicating what action shall be or has been taken." *Id.* at (b). After receiving a response from the CAO, if the inmate believes that his problem or complaint has not been resolved, he may appeal in writing to the ARB. § 504.850(a). When an inmate appeals a grievance that has been deemed emergent by the CAO, the ARB "shall expedite the processing of the grievance." § 504.850(f).

Failure to exhaust administrative remedies is an affirmative defense; the defendants have the burden of proving the inmate had available remedies he did not utilize. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A lawsuit filed by a prisoner before he exhausted his administrative remedies must be dismissed because the district court lacks the discretion to resolve the claim on the merits. *Perez*, 182 F.3d at 535.

## ANALYSIS

In his Complaint, Plaintiff alleged that he was injured in 2022 when he fell and hit his head on "the glass and door frame of the phone booth." (Doc. 1 at p. 5; Doc. 7 at p. 1). Plaintiff also claimed that he fell again in the shower area and injured his right knee.[1] *Id.* at p. 8.

At merit review, the Court found that Plaintiff sufficiently alleged that Defendant was deliberately indifferent to his back and head pain in approximately April 2022 when he delayed or denied medical treatment. *Id.* at p. 5.

In his Motion for Summary Judgment, Defendant argues that Plaintiff failed to exhaust his administrative remedies because Plaintiff did not name Defendant or include any complaints regarding the medical care Defendant provided (or allegedly failed to provide) in his grievances. (Doc. 21).

Plaintiff filed one grievance, Grievance #22-0600, related to a fall in the phone booth in February 2022. (Doc. 21-1 at pp. 9-10). Plaintiff complained of correctional officers, nurses, and a nurse practitioner, but he did not name or identify Defendant, nor did he include any complaints that Defendant failed to provide adequate medical care. *Id.*

---

[1] Plaintiff did not provide the exact dates of his falls, but based on the allegations in his Complaint, the Court inferred that the alleged incidents occurred in 2022. (Doc. 1; Doc. 7 at p. 3). At merit review, the Court instructed Plaintiff to immediately clarify the dates in writing if the alleged incidents did not occur in 2022. *Id.* Plaintiff did not do so. As a result, it appears the alleged incidents occurred in 2022.

5

Plaintiff filed several other grievances vaguely alleging improper or unresponsive medical care, but, similarly, none of the grievances complained of, or mentioned, Defendant. *Id.* at pp. 4-5, 13-14, 17. Furthermore, Plaintiff never appealed Grievances #22-2072 and #23-3610. As a result, these grievances were not fully exhausted.

In his Response, Plaintiff argues that Grievances #22-0600 and #22-0850 should satisfy the exhaustion requirement. (Doc. 24). Neither grievance references Defendant or complains about the treatment he provided (or did not provide) and cannot serve as the basis for exhaustion. *See* § 504.810(c). It is generally recognized that a grievance must contain sufficient information so as to alert the prison to "the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). A plaintiff who does not provide this necessary information fails to exhaust. *See Ambrose v. Godinez*, 510 F. App'x 470, 472 (7th Cir. 2013) (plaintiff failed to exhaust where he did not identify defendants "by name or inference"); *see also Woods v. Schmeltz*, No. 13-1477, 2014 WL 3490569, at *4 (C.D. Ill. July 14, 2014) (plaintiff must provide enough information for "the prison to determine which of its employees were involved in the incidents…").

None of Plaintiff's grievances can satisfy the specificity requirements of the IDOC's grievance procedure with respect to his Eighth Amendment claim against Defendant. The primary purpose of the IDOC's grievance procedure is to "alert the state to the problem and invite corrective action." *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (internal quotations and citation omitted); *Woodford*, 548 U.S. at 89. It is not to provide "early notice to those who might later be sued." *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (internal citation omitted). The exhaustion requirement "afford[s] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken

in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation." *Porter*, 534 U.S. at 517; *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Therefore, Defendant's Motion for Summary Judgment is GRANTED. This case is dismissed without prejudice based on Plaintiff's failure to exhaust his administrative remedies.

**IT IS THEREFORE ORDERED:**

1)   Defendant Osmundson's Motion for Summary Judgment [21] is GRANTED based on Plaintiff's failure to exhaust his administrative remedies. Defendant Osmundson is DISMISSED without prejudice. Plaintiff takes nothing. The parties will bear their own costs. The Clerk is directed to enter judgment and close this case.

2)   Although this case has been dismissed, Plaintiff remains responsible for the reminder for the $350 filing fee. (*See* d/e 12/8/2022).

3)   If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff chooses to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTERED: 11/20/23

s/ James E. Shadid
James E. Shadid
United States District Judge